# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>　　　　*Plaintiff,*<br><br>　　v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br>　　　　*Defendants,*<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br>　　　　*Intervenors.* | Case No. 2:23-cv-00202-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>　　　　*Plaintiff,*<br><br>　　v.<br><br>VERIZON COMMUNICATIONS, INC. AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br>　　　　*Defendants,*<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br>　　　　*Intervenors.* | Case No. 2:23-cv-00203-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>　　　　*Plaintiff,*<br><br>　　v.<br><br>T-MOBILE USA, INC.,<br>　　　　*Defendants,*<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br>　　　　*Intervenors.* | Case No. 2:23-cv-00204-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

and

| | |
|---|---|
| XR COMMUNICATIONS LLC dba VIVATO TECHNOLOGIES,<br>     *Plaintiff,*<br><br>vs.<br><br>VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP dba VERIZON WIRELESS,<br>     *Defendants.*<br><br>ERICSSON INC. and<br>NOKIA OF AMERICA CORPORATION,<br>     *Intervenors.* | Civil Action No. 2:23-CV-00470-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>     *Plaintiff,*<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br>     *Defendants,*<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br>     *Intervenors.* | Case No. 2:23-cv-00468-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>     *Plaintiff,*<br><br>v.<br><br>T-MOBILE USA, INC.,<br>     *Defendants,*<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br>     *Intervenors.* | Case No. 2:23-cv-00469-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

## JOINT MOTION TO CONSOLIDATE CASES

Plaintiff XR Communications, LLC dba Vivato Technologies ("Plaintiff") and Defendants AT&T Corp., AT&T Mobility LLC, and AT&T Services, Inc. (AT&T"), Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless ("Verizon"), T-Mobile USA, Inc. ("T-Mobile"), and Intervenors Ericsson Inc. ("Ericsson") and Nokia of America Corporation ("Nokia") (collectively, "Defendants/Intervenors") respectfully request that the Court consolidate for pre-trial the above-captioned lead case (2:23-cv-00202) and associated member cases (2:23-cv-00203 and 2:23-cv-00204) with the follow-on lead case (2:23-cv-00470), and associated member cases (2:23-cv-00468 and 2:23-cv-00469) and put all six cases on the same schedule as set forth in Case No. 2:23-cv-00470, at Dkt. No. 41, with the additional of several deadlines requested below. Likewise, the parties request that the two cases against each carrier (*e.g.*, Civil Action Nos. 2:23-cv-00203-JRG-RSP and 2:23-CV-00470-JRG for Verizon) be consolidated for trial. The result of this motion will be one consolidated case for pretrial (rather than two) and three consolidated cases for trial (rather than six).

This request is made jointly by Plaintiff, Defendants, and Intervenors and, as shown further below, is not made for the purposes of delay, but rather to secure the just, speedy, and inexpensive determination of these several actions.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

These cases span six actions brought by Plaintiff, two each against Defendants AT&T, T-Mobile, and Verizon. Plaintiff filed the first set of three cases on May 8, 2023, alleging in individual actions ("XR1 cases") that each of AT&T, T-Mobile, and Verizon infringe five patents. The Court *sua sponte* consolidated for pretrial the below cases, and the lead case is 2:23-cv-00202.

| | |
|---|---|
| *XR Communications LLC dba Vivato Technologies v. AT&T Services Inc., et al* | Case No. 2:23-cv-00202 (Lead) |
| *XR Communications LLC dba Vivato Technologies v. Verizon Communications, Inc., et al* | Case No. 2:23-cv-00203 (Member) |
| *XR Communications LLC dba Vivato Technologies v. T-Mobile USA, Inc.* | Case No. 2:23-cv-00204 (Member) |

The operative DCO for the XR1 cases is attached hereto as Ex. A.

On October 4, 2023, XR filed a second set of cases ("XR2 cases"), again alleging in individual actions that each of AT&T, T-Mobile, and Verizon infringe two patents, both of which are in the same family as U.S. Patent No. 10,715,235 that is at issue in the XR1 cases. The Court *sua sponte* consolidated the XR2 cases, and the lead case is 2:23-cv-00470.

| | |
|---|---|
| *XR Communications LLC dba Vivato Technologies v. Verizon Communications, Inc., et al* | Case No. 2:23-cv-00470 (Lead) |
| *XR Communications LLC dba Vivato Technologies v. AT&T Services Inc., et al* | Case No. 2:23-cv-00468 (Member) |
| *XR Communications LLC dba Vivato Technologies v. T-Mobile USA, Inc.* | Case No. 2:23-cv-00469 (Member) |

The operative DCO in the XR2 cases is attached hereto as Ex. B. The following table summarizes certain key dates from the DCO in both cases.

| Event | Date (No. 2:23-cv-00202) | Date (No. 2:23-cv-00470) |
|---|---|---|
| Jury Selection | March 3, 2025 | July 21, 2025 |
| Pretrial Conference | January 27, 2025 | June 16, 2025 |
| File Dispositive Motions and Motions to Strike Expert Testimony | November 25, 2024 | April 14, 2025 |
| Deadline to Complete Fact Discovery and File Motions to Compel | October 4, 2024 | February 25, 2025 |
| Claim Construction Hearing | September 11, 2024 | February 4, 2025 |

## II.     ARGUMENT AND CITATIONS TO AUTHORITY

The Parties have diligently litigated both sets of cases and have cooperatively engaged in discovery without the Court's involvement to date.  By virtue of engaging in those efforts, the Parties have determined that the overlap in the asserted patents, accused products, and knowledgeable witnesses (from both the Parties and third parties) is overwhelming. For example, recent third-party and party deposition notices have crystallized the overlapping issues in both cases, and as a result, the Parties have determined that the time spent and resources used of the Court and the Parties will be meaningfully decreased by consolidating the XR1 cases with the XR2 cases.

Pursuant to Federal Rule of Civil Procedure 42 and the Court's inherent authority to efficiently manage its docket, the Parties request that the Court enter an order consolidating the XR1 cases into the XR2 cases, such that the remaining cases are:

| *XR Communications LLC dba Vivato Technologies v. Verizon Communications, Inc., et al* | Case No. 2:23-cv-00470 (Lead) |
| *XR Communications LLC dba Vivato Technologies v. AT&T Services Inc., et al* | Case No. 2:23-cv-00468 (Member) |
| *XR Communications LLC dba Vivato Technologies v. T-Mobile USA, Inc.* | Case No. 2:23-cv-00469 (Member) |

The result of such a consolidation would be that the six cases would proceed through pretrial under a single lead case number (instead of two), and the individual cases would decrease to three (from six).  As is the case now, the newly-consolidated case would continue to remain consolidated for pretrial purposes, just with all future deadlines proceeding under the schedule set forth in the XR2 case, Dkt. 41 (Ex. B).  Consolidation in the manner requested would also minimize the burden on the Court and potential jurors, as it would reduce the number of potential trials from six (*i.e.*, one

for each Defendant in each of XR1 and XR2) to no more than three (*i.e.*, one for each Defendant involving all six remaining patents-in-suit).

The Parties respectfully request that the Court vacate the deadlines in the XR1 case and adopt the XR2 case schedule. To further reduce the burden on the Court and the Parties, the Parties have additionally reached the following agreements to apply upon consolidation. First, the Parties have agreed that any further claim construction proceedings (if any are required) will be limited to issues specific to the XR2 patents, and will not retread issues that were already addressed at the Markman Hearing on September 11, 2024 regarding the XR1 patents.

Second, to ensure that all Parties continue to engage in the efficient and cooperative discovery procedures as evidenced to date, and to further ensure that the parties work to streamline the remaining claims and defenses in the most efficient manner possible, the Parties have agreed to reduce by a significant amount the discovery that would otherwise be called for under the current Discovery Orders in both cases. Specifically, the Parties have agreed that (i) all prior deposition transcripts of Plaintiff's Rule 30(b)(6) witnesses, inventors, or prosecution counsel (including, without limitation, Mssrs. Chraplyvy, Hansen, Chaffee, Brennan, Eidson, and the various prosecution counsel deponents, including Mssrs. Haycox, Ambrose, Brooks, Schwedler, and Burke) can be used as if taken in this case; (ii) to the extent follow up depositions of the foregoing witnesses are necessary, they will be collectively limited to 14 hours and questioning will not repeat issues addressed in earlier depositions; and (iii) the limits in the Discovery Order in XR1 will otherwise apply to the consolidated action.

Additionally, the Parties further request that the Court add the following additional deadlines to the XR2 docket control order:

- Deadline by which the Parties are to serve all respective corporate and individual deposition notices; and

- Deadlines to narrow claims and prior art references after the close of fact discovery.

These modifications are intended to ensure that the cases continue to proceed in an orderly and efficient fashion.

Overall, consolidation of the XR1 cases into the XR2 cases will serve to reduce the burden on the Parties and the Court and ensure that the entirety of the dispute proceeds together. A proposed schedule—*i.e.*, the current XR2 case schedule, as modified to include these additional party-agreed interim deadlines—is attached hereto as Exhibit C.  The requested consolidation is not intended to prejudice any Party's right to later advocate for a particular timing, order, or grouping of trials for the individual cases.

The Parties have conferred on this request, and they agree to the requested relief.

| | |
|---|---|
| Dated:  September 12, 2024 | Respectfully submitted, |
| */s/   Reza Mirzaie*<br>Reza Mirzaie (CA SBN 246953)<br>rmirzaie@raklaw.com<br>Neil Rubin (CA SBN)<br>nrubin@raklaw.com<br>Paul A. Kroeger (CA SBN 229074)<br>pkroeger@raklaw.com<br>Philip X. Wang (CA SBN 262239)<br>pwang@raklaw.com<br>James N. Pickens (CA SBN 307474)<br>jpickens@raklaw.com<br>Adam Hoffman<br>ahoffman@raklaw.com<br>Jacob Buczko<br>jbuczko@raklaw.com<br>Minna Chan<br>mchan@raklaw.com<br>Christian Conkle<br>cconkle@raklaw.com<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025 | */s/  Matthew S. Yungwirth*<br>Melissa R. Smith (TBN 24001351)<br>**GILLAM & SMITH, LLP**<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Deron R. Dacus (TBN 00790553)<br>ddacus@dacusfirm.com<br>**THE DACUS FIRM, P.C.**<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas 75701<br>Telephone: 903.705.1117<br><br>Matthew S. Yungwirth<br>msyungwirth@duanemorris.com<br>Alice E. Snedeker<br>aesnedeker@duanemorris.com<br>John R. Gibson<br>jrgibson@duanemorris.com<br>**DUANE MORRIS LLP** |

Phone: (310) 826-7474

*Counsel for Plaintiff XR Communications, LLC dba Vivato Technologies*

1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

William A. Liddell
waliddell@duanemorris.com
**DUANE MORRIS LLP**
2801 Via Fortuna
Suite 200
Austin, Texas 78746-7567
Telephone: (512) 277-2272
Facsimile: (512) 227-2301

Tyler Marandola
tmarandola@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000

Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

*Counsel for Defendants / Intervenors*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h). The parties are in agreement on filing the Joint Motion.

*/s/ Reza Mirzaie*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on September 12, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

*/s/ Reza Mirzaie*